```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

BRENDA LOUISE SHEERER,              :
individually and as parent          :
and natural guardian of C.S.,       :
a minor,                            : (Civil Case No. 3:11-CV-1496)
                                    :
        Plaintiff,                  :
                                    :
        v.                          : (Judge Richard P. Conaboy)
                                    :
W. G. Wade Shows, Inc.,             :
                                    :
        Defendant.                  :

## MEMORANDUM

We consider here a Motion to Compel Plaintiff's deposition testimony (Doc. 25) that was filed on June 25, 2012. The Motion in question actually seeks a resumption of the deposition of Plaintiff Brenda Louise Sheerer, who filed the instant personal injury lawsuit on behalf of her minor son, C. S., on August 12, 2011. At Plaintiff's deposition conducted April 27, 2012, her counsel directed her to refrain from answering a question regarding what the Defendant had done wrong to cause the accident that injured her son. Defendant now contends that it is entitled to learn Plaintiff's specific contention regarding how its negligence caused Plaintiff's son's injuries. Accordingly, Defendant seeks an order requiring Plaintiff to submit to a continuation of her deposition at her expense.

Local Rule 7.5 of the Local Rules for the Middle District of

1

Pennsylvania states that "within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of that motion.... If a supporting brief is not filed within the time provided in this rule, the motion shall be deemed to be withdrawn." On this basis alone, Plaintiff's Motion to Compel would properly be denied. Nevertheless, the Court feels compelled to discuss substantive reasons why it will deny this Motion.

While the Defendant correctly notes that discovery may appropriately be had "regarding any non-privileged matter that is relevant to any party's claim or defense" pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the Court fails to see the relevance of the question that has provoked this Motion. Having reviewed the fifty page transcript of the deposition of Plaintiff Brenda Louise Sheerer, it is apparent to the Court that Plaintiff did not see the accident that resulted in injuries to her son's arm. At pages 19 through 27 of her deposition, Plaintiff reiterated several times that she did not see the incident in question and that she became aware that her son was injured only after the ride had completed its course and she saw him sitting on the floor beside the ride. Due to her repeated disavowal, under oath, that she possessed first-hand knowledge of what had transpired, her opinion as to what happened and why would necessarily be without a proper foundation. If she had seen the

2

accident, she could be required to testify as to what she had seen. However, the question put to her by defense counsel solicits an opinion from a fact witness. Plaintiff is not qualified to render such an opinion and has retained an expert who will provide Plaintiff's theory of recovery at trial. This expert has prepared a report, which has been furnished to defense counsel, outlining his conclusions as to the cause of the accident. Accordingly, the Court will not direct that Plaintiff submit to a continuation of her deposition for the purpose of answering a question the Court deems irrelevant in the context of this case. Defendant's Motion to Compel will be denied.

Dated: 10-9-12

**BY THE COURT**

JUDGE RICHARD P. CONABOY
UNITED STATES DISTRICT COURT